# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS CARTER, | 1:16-cv-00365-GSA-PC |
| Plaintiff, | **SCREENING ORDER** |
| v. | **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND** |
| DAVEY, et al., | **(ECF No. 14.)** |
| Defendants. | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE** |
| | **(ECF No. 15.)** |
| | **THIRTY-DAY DEADLINE FOR PLAINTIFF TO FILE SECOND AMENDED COMPLAINT** |
| | **ORDER FOR CLERK TO SEND PLAINTIFF A CIVIL COMPLAINT FORM** |

## I. BACKGROUND

Marcus Carter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 8, 2016, at the U.S. District Court for the Eastern District of California, Sacramento Division. (ECF No. 1.) On March 16, 2016, the case was transferred to the Fresno Division. (ECF No. 4.)

1

On March 21, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On June 8, 2016, the court screened the Complaint and issued an order requiring Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on the claims found cognizable by the court. (ECF No. 9.) On September 9, 2016, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (ECF No. 14.)

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S.

Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently a state inmate in the custody of the California Department of Corrections and Rehabilitation, incarcerated at Mule Creek State Prison in Ione, California. The events at issue in the First Amended Complaint allegedly occurred at Corcoran State Prison (CSP) in Corcoran, California, when Plaintiff was incarcerated there. Plaintiff names one defendant, Correctional Officer (C/O) Bochop ("Defendant").

Plaintiff's allegations follow. In December 2014, Plaintiff was in the prison dayroom along with other inmates. When walking by the control tower, Plaintiff heard a noise which sounded like a weapon being cocked. Plaintiff looked up and saw Correctional Officer Bochop's assault rifle pointed directly at him. Bochop said, "I'll fucking kill you." (ECF No. 14 at 6 ¶4.) Plaintiff was scared, not knowing what to do or say. Prior to this incident, Plaintiff filed an administrative grievance against C/O Bochop for harassment.

About a week later, in an unstable rant, C/O Bochop expunged the clip from the same mini-14 assault rifle and pointed it at C/O Vela and a different inmate. Since then, Plaintiff has suffered from nightmares, flashbacks, insomnia, anxiety, distrust of C/Os, and fear of filing appeals against them.

Plaintiff filed an inmate appeal in December 2014. On December 12, 2014, plaintiff was notified that the appeal had been sent to the Associate Warden, with a due date of January 28, 2015. A few weeks later, after receiving no response, Plaintiff contacted the office of the ombudsman who informed Plaintiff on March 3, 2015 that the appeal, Log# CSP-C-4-14-07843, was pending investigation and that Plaintiff would be notified of the outcome. More than fifteen months passed, yet Plaintiff received no notification of the outcome.

Plaintiff requests monetary damages.

///

///

## IV. PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely

4

resembles the standard 'foreseeability' formulation of proximate cause." <u>Arnold v. Int'l Bus. Mach. Corp.</u>, 637 F.2d 1350, 1355 (9th Cir. 1981); <u>see</u> also <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. **Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. <u>Rizzo v. Dawson</u>, 778 F.2d 5527, 532 (9th Cir. 1985); see also <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135 (9th Cir. 1989); <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005); <u>accord</u> <u>Watison v. Carter</u>, 668 F.3d 1108, 1114-15 (9th Cir. 2012); <u>Brodheim v. Cry</u>, 584 F.3d 1262, 1269 (9th Cir. 2009).

An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under § 1983. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003). The court must "'afford appropriate deference and flexibility' to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory." <u>Pratt</u>, 65 F.3d at 807 (9th Cir. 1995) (quoting <u>Sandin v. Conner</u>, 515 U.S. 472, 482 (1995)). The burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." <u>Pratt</u>, 65 F.3d at 808.

Plaintiff claims that in December 2014, defendant C/O Bochop pointed a gun at Plaintiff and threatened to kill Plaintiff in retaliation for Plaintiff filing a prison appeal against C/O Bochop for harassment.

Plaintiff has satisfied the first element of a retaliation claim, because threatening to kill someone while pointing a gun at him is unquestionably an adverse action. Plaintiff has also satisfied the third element by alleging that prior to the incident, he exercised his First Amendment right to file a prison appeal against C/O Bochop. In addition, Plaintiff satisfies

the fourth element with his allegation that the incident caused him to be fearful of filing prison appeals against correctional officers.

However, Plaintiff fails to satisfy the second and fifth elements of a retaliation claim. The second element requires Plaintiff to allege facts showing a connection between C/O Bochop's adverse action and Plaintiff's filing of the prison appeal against Bochop. Although Plaintiff alleges that he filed a prison appeal against C/O Bochop prior to the incident at issue, Plaintiff has not shown that C/O Bochop acted *because* of Plaintiff's appeal against him. In Watison, the court held:

> [T]he plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. See Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.2d 106, 108–09 (7th Cir. 1987).

Watison, 668 F.3d at 114-15. Here, Plaintiff has not indicated in the Complaint when he filed the prison appeal against C/O Bochop, which could show a timing connection, or alleged any other facts indicating that C/O Bochop acted *because* of the prison appeal. Therefore, Plaintiff fails to satisfy the second element.

To satisfy the fifth element, Watison held:

> Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984)."

Id. As discussed above, the burden is on Plaintiff to demonstrate "that there were no legitimate correctional purposes motivating the actions he complains of." Pratt, 65 F.3d at 808. Here, Plaintiff fails to allege that C/O Bochop's action "did not advance legitimate goals" of the prison, or that Bochop's actions "were arbitrary and capricious" or "unnecessary to the maintenance of order in the institution." Id. Therefore, Plaintiff fails to satisfy the fifth element of a retaliation claim.

///

Accordingly, Plaintiff fails to state a claim for retaliation against defendant C/O Bochop. Plaintiff shall be granted leave to file an amended complaint addressing the deficiencies discussed by the court.

**B.** **Damages for Emotional Distress – Physical Injury Requirement**

Plaintiff alleges that Defendant's conduct caused him to suffer mental and emotional distress. The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The physical injury "need not be significant but must be more than *de minimis*." Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002) ) (back and leg pain and canker sore *de minimis*); see also Pierce v. County of Orange, 526 F.3d 1190, 1211-13 (9th Cir. 2008) (bladder infections and bed sores, which pose significant pain and health risks to paraplegics such as the plaintiff, were not *de minimis*). The physical injury requirement applies only to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or punitive damages. Id. at 630. Therefore, Plaintiff is not entitled to monetary damages in this case for emotional distress unless he also shows a physical injury.

**C.** **Motion for Appointment of Counsel**

Plaintiff requests appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. At this early stage in the proceeding, the court cannot make a determination that Plaintiff is likely to succeed on the merits. By this order, Plaintiff's First Amended Complaint shall be dismissed for failure to state a claim, with leave to amend. At this juncture it seems that the Plaintiff can adequately articulate his claims and respond to the court's orders. Plaintiff is advised however, that he is not precluded from renewing the motion for appointment of counsel at a later stage of the proceedings. Therefore, Plaintiff's motion for the appointment of counsel shall be DENIED, without prejudice.

## V. CONCLUSION AND ORDER

The court finds that Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under § 1983. The court will dismiss the First Amended Complaint for failure to state a claim and grant Plaintiff leave to file a Second Amended Complaint addressing the issues described above.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Accordingly, the court will provide Plaintiff an opportunity to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file the Second Amended Complaint within thirty days.

The Second Amended Complaint must allege facts showing what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights by their actions. Id. at 676-77 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (no "buckshot" complaints). Plaintiff is not granted leave to add allegations of events occurring after the date he initiated this action, March 8, 2016.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey

v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff is granted leave to file a Second Amended Complaint curing the deficiencies identified by the court in this order, within **thirty (30) days** from the date of service of this order;
4. Plaintiff shall caption the Second Amended Complaint "Second Amended Complaint" and refer to the case number 1:16-cv-00635-GSA-PC;
5. Plaintiff's motion for appointment of counsel is DENIED, without prejudice; and
6. If Plaintiff fails to file a Second Amended Complaint within thirty days, this case shall be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **August 26, 2017**          **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE