| | |
|---|---|
| MARCUS CARTER,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVEY, et al.,<br><br>  Defendants. | 1:16-cv-00365-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO STATE A CLAIM, WITH PREJUDICE**<br>**(ECF No. 16, 17.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## I.  BACKGROUND

Marcus Carter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 8, 2016, at the U.S. District Court for the Eastern District of California, Sacramento Division. (ECF No. 1.) On March 16, 2016, the case was transferred to the Fresno Division. (ECF No. 4.)

On June 8, 2016, the court screened the Complaint and issued an order requiring Plaintiff to either file an amended complaint or notify the court that he was willing to proceed only with the claims found cognizable by the court, within thirty days. (ECF No. 9.) The

1

thirty-day deadline passed and Plaintiff failed to comply with the court's order. On July 25, 2016, the court issued an order to show cause, requiring Plaintiff to file a response within thirty days, showing cause why this case should not be dismissed for Plaintiff's failure to respond to the screening order. (ECF No. 10.) On August 25, 2016, Plaintiff filed a response in which he notified the court that he tried to file his amended complaint, but it was returned to him by the Clerk's Office with instructions to use the e-filing system. (ECF No. 11.) Plaintiff then tried to do so, but the prison librarian inadvertently filed the document in the Sacramento division of the Eastern District. (Id.) On August 29, 2016, the court discharged the order to show cause and granted Plaintiff thirty days in which to file the amended complaint. (ECF No. 12.) On September 9, 2016, Plaintiff filed the First Amended Complaint. (ECF No. 14.)

On August 28, 2017, the court screened the First Amended Complaint and issued an order dismissing the First Amended Complaint for failure to state a claim, with leave to file a Second Amended Complaint within thirty days. (ECF No. 16.) The thirty-day deadline passed and Plaintiff failed to comply with the court's order. On October 18, 2017, the court issued an order to show cause, requiring Plaintiff to file a response within fourteen days, showing cause why this case should not be dismissed for his failure to comply with the August 28, 2017, screening order. (ECF No. 17.) The fourteen-day deadline has passed, and Plaintiff has not filed any response to the order to show cause.

## II. DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since March 8, 2016. Plaintiff's failure to comply with the court's

orders may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not comply with court orders. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file a Second Amended Complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. The dismissal being considered in this case is with prejudice, which is the harshest possible sanction. However, the court finds this sanction appropriate in light of the fact that Plaintiff's failure to file a Second Amended Complaint has resulted in no pleading on file which sets forth any claims upon which relief may be granted. Moreover, Plaintiff was forewarned in the court's screening order of October 28, 2017, that his failure to comply with the order would result in dismissal of this case for failure to state a claim.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the court **HEREBY RECOMMENDS** that this case be dismissed, with prejudice, based on Plaintiff's failure to obey the court's orders of August 28, 2017, and October 18, 2017, and failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff

may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 17, 2017**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE